UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

SHERWOOD COFFIN,

                Petitioner,

     V.

JAMES A. MANCE,

                Respondent

**REPORT AND RECOMMENDATION**
07-CV-1047

(TJM/VEB)

---

## I. INTRODUCTION

Presently before this Court is the *pro se* Petition of Sherwood Coffin filed for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner alleges that he was not sentenced in accordance with a plea agreement he made and that his attorney was ineffective at sentencing for failing to enforce his plea agreement.[1] (Docket No.4).

This matter was referred to the undersigned by the Honorable Norman A. Mordue, Chief United States District Judge, pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), for a report and recommendation. (Docket No. 9).

## II. BACKGROUND

**A.**    **Facts**

The following factual summary is derived from the state court records. On November 27, 2002, Petitioner was arrested for Driving While Intoxicated (Vehicle & Traffic Law §§ 1192(3); 1193(1)(c)(ii)). At Petitioner's arraignment on March 5, 2003, he was

---

[1]Petitioner does not contest the lawfulness of his conviction. (Docket No. 4).

offered the opportunity to plead guilty in exchange for a prison sentence of one (1) to three (3) years.  (A 4-5).² As part of that plea agreement, the court stated that Petitioner, if eligible, would have to attend "drug court" and would be required to pay a $5,000 fine.  (A at 5).  The court stated twice that if Petitioner failed to comply with the terms of the agreement, he would be sentenced to two and one-third (2 1/3) to seven (7) years in prison.  (A at 5 and 6).  The court adjourned the case until March 26, 2003, to ascertain whether Petitioner was eligible for drug court.  (A at 6-7, 10).

Petitioner returned to court on that date, and the court informed him that he was not eligible for drug court.  The court reviewed the plea offer again and the case was adjourned until April 10, 2003, to give Petitioner time to consider the offer.  The case was thereafter further adjourned to April 17, 2003.

On April 17, 2003, Petitioner indicated that he would accept the plea offer but that he would need time to obtain funds to pay the $5,000 fine.  (P³ at 2-3).  The court asked Petitioner if he understood that he had to "pay that fine in full at the time of sentence."  (P at 3).  Petitioner said that he did.  (Id.).  The court went on to warn Petitioner that "if [he] fail[ed] to have the fine and surcharge in full at that time, [he] [would] not receive one to three. [He] [would] receive two and a third to seven years." (Id. at 3-4).  Petitioner indicated that he understood this condition.  (Id. at 4).  The court explained to him that he had a right to a trial by jury, and to testify and call witnesses and that he would be giving those rights up if he plead guilty.  Petitioner stated that he understood and wanted to proceed.  (Id. at

---

²References preceded by "A" are to the transcript pages of Petitioner's arraignment attached to Docket No. 16 as "Attachment #14."

³References preceded by "P" are to the transcript pages of Petitioner's plea on April 17, 2003, attached to Docket No. 16 as "Attachment #14."

2

4-5).

Petitioner then stated, under oath, that he was operating a motor vehicle while intoxicated on November 27, 2002. (Id. at 6). Petitioner also stated that he had operated a vehicle while intoxicated on three other occasions. (Id. at 7). The court accepted his guilty plea and scheduled sentencing in accordance with Petitioner's work schedule so that he could have the $5,000 fine when he appeared for sentencing. (Id. at 8). The court then explained again to Petitioner a number of conditions that he needed to comply with in order to receive the one to three year sentence and that if he failed to do any one of those, including paying the $5,000 fine at sentencing, he would be sentenced to an enhanced sentence. (Id. at 9-10). Petitioner again indicated his understanding of this condition. (Id.).

Petitioner returned to court on Thursday, November 20, 2003 for sentencing. Petitioner did not have the $5,000 fine and claimed that it was "tied up into jobs." (S1[4] at 6). Petitioner claimed that if he could have two more days, he would be able to raise the money. (Id.). The court stated that it had already given Petitioner seven months to raise the money and revoked Petitioner's bail. However, rather than sentencing Petitioner at that point, the court adjourned sentencing until the following Wednesday, to provide Petitioner with additional time to obtain the funds, pay the fine, and receive the one to three year sentence.

On November 26, 2003, Petitioner returned to court for sentencing. Despite Petitioner's promises to have the money, he did not have the $5,000 fine. (S2[5] at 2-3).

---

[4] References preceded by "S1" are to the transcript pages of Petitioner's sentencing proceedings on November 20, 2003, attached to Docket No. 16 as "Attachment #14."

[5] References preceded by "S2" are to the transcript pages of Petitioner's sentencing proceedings on November 26, 2003, attached to Docket No. 16 as "Attachment #14."

Thereafter, the court reiterated that Petitioner had been given over seven months to raise the $5,000 and he failed to do so. (Id. at 7-8). Additionally, the court noted that Petitioner had been "re-arrested" on other substance charges.[6] (Id. at 5). The court sentenced Petitioner to two and one-third to seven years for his plea of guilty, along with the $5,000 fine and $210 surcharge. (Id. at 8).

**B.    Post-Conviction State Court Proceedings**

On August 25, 2004, Petitioner filed a motion pursuant to New York Criminal Procedure Law § 440.20 to set aside his sentence. Petitioner asserted that when he agreed to plead guilty, the court informed him that he would need to pay the $5,000 fine at sentencing in order to receive the one to three year sentence. Petitioner further asserted that the court told him that if he was unable to pay that fine, he would be sentenced to two and one third to seven years. Petitioner claimed that there was never any statement that he would still be responsible for the $5,000 fine if he was given the enhanced sentence. See ("Exhibit A" at Docket No. 16, Attachment #1). Petitioner argued that the court should not have imposed the $5,000 fine at sentencing and that his counsel was ineffective for failing to object to the imposition of the fine. (Id. at 3-4).

On September 30, 2004, the sentencing court found that there was "some confusion at the time" of sentencing and vacated the fine. See ("Exhibit C" at Docket No. 16, Attachment # 3).

---

[6]Although the court does not state on the record what the specific charges were that Petitioner was re-arrested for, Petitioner's memorandum of law attached to his amended petition states that he was charged with another offense of driving while intoxicated. See (Docket No. 4 at "Memorandum of Law" at 6).

On December 15, 2005, Petitioner filed his second motion pursuant to CPL §440.20 to set aside his sentence.  Petitioner asserted that the trial court was unreasonable in revoking his bail at the November 20, 2003 proceedings.  He asserts that the revocation of the bail prevented him from being able to pay his fine.  ("Exhibit H" at Docket No. 16, Attachment # 8).

In a Decision and Order dated February 7, 2007, the Supreme Court, Oneida County, denied Petitioner's motion to set aside his sentence.  ("Exhibit J" at Docket No. 16, Attachment #10).

Thereafter, in March of 2007, Petitioner sought leave to appeal the denial of the motion to the Appellate Division Fourth Department.  ("Exhibit K" at Docket No. 16, Attachment #11).  The application was denied and Petitioner's application for leave to appeal to the New York Court of Appeals was dismissed.  ("Exhibits L and M" at Docket No. 16, Attachments #12, 13).

### C.  Federal Habeas Corpus Proceedings

Petitioner, proceeding *pro se*, commenced this action on October 1, 2007, by filing a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Docket No. 1). On November 28, 2007, Petitioner amended his petition after an Order issued by the Honorable Thomas J. McAvoy, United States District Judge, directed him to do so. (Docket Nos. 3, 4).  Petitioner's principal claim is that he was denied the effective assistance of counsel at sentencing because his counsel failed to seek "specific performance of the plea agreement."

### III. DISCUSSION

**A.    Federal Habeas Corpus Standard**

Federal habeas corpus review of a state court conviction is governed by 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Under AEDPA, federal courts must give substantial deference to a state court determination that has adjudicated a federal constitutional claim "on the merits." 28 U.S.C. § 2254(d); Sellan v. Kuhlman, 261 F.3d 303, 309-10 (2d Cir. 2001). The Second Circuit has stated that an "adjudication on the merits" is a "substantive, rather than a procedural, resolution of a federal claim." Sellan, 261 F.3d at 313 (quotation omitted). The Second Circuit has also held that even a one-word denial of a petitioner's claim is sufficient to constitute an "adjudication on the merits" for purposes of AEDPA. Id. at 312-313.

Specifically, AEDPA requires that where a state court has adjudicated the merits of a Petitioner's federal claim, habeas corpus relief may not be granted unless the state court's adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

Both AEDPA and its predecessor statute recognize that a presumption of correctness shall apply to state court findings of fact, Whitaker v. Meachum, 123 F.3d 714,

715 n. 1 (2d Cir. 1997), and AEDPA requires a Petitioner to rebut that presumption by "clear and convincing evidence." 28 U.S.C. § 2254(e)(1); LanFranco v. Murray, 313 F.3d 112, 117 (2d Cir. 2002). A presumption of correctness applies to findings by both state trial and appellate courts. Galarza v. Keane, 252 F.3d 630, 635 (2d Cir. 2001); Whitaker, 123 F.3d at 715 n.1.

In Williams v. Taylor, 529 U.S. 362, 413 (2000), the Supreme Court defined the phrases "contrary to" and "unreasonable application of" clearly established federal law. A state court decision is "contrary to clearly established federal law . . . if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the Court] has on a set of materially indistinguishable facts." Id.

A state court decision involves "an unreasonable application of" Supreme Court case law if it "identifies the correct governing legal principle from [the Court's] decisions but unreasonably applies that principle to the particular facts of [a] prisoner's case." Id.

Under this standard, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Id. at 411. In order to grant the writ there must be "some increment of incorrectness beyond error," although "the increment need not be great; otherwise, habeas relief would be limited to state court decisions so far off the mark as to suggest judicial incompetence." Francis S. v. Stone, 221 F.3d 100, 111 (2d Cir. 2000) (internal quotation marks omitted).

7

**B.     Petitioner's Claims**

Respondent contends that Petitioner is barred by the applicable AEDPA statute of limitations.  Petitioner argues that he is entitled to equitable tolling because he never received the court's decision denying his first 440 motion.  This Court need not reach this issue as the Petition is subject to denial because (1) Petitioner has not demonstrated a continuing and concrete injury and (2) the ineffective assistance of counsel claim[7] lacks merit.

      **1.     Concrete and Continuing Injury**

According to the Department of Correctional Services website[8], Petitioner was conditionally released from custody to parole on July 18, 2008. As such, Petitioner's release raises the question of whether this petition is moot because it no longer satisfies the case or controversy requirement of Article III, § 2 of the U.S. Constitution.

As with all litigants in federal court, Petitioner must satisfy the case or controversy requirement of Article III, § 2, of the Constitution in order to be eligible for relief.   A case

---

[7] Petitioner also lists, as a separate claim, his argument that he never received a copy of the State Court's decision denying his first 440 motion. It is not clear whether this is offered solely in support of his claim for equitable tolling of the statute of limitations or whether it is intended to be asserted as a separate claim for habeas relief. To the extent that the alleged failure to receive a copy of the decision would justify equitable tolling, this Court need not address that issue because, as noted above, the Petition is subject to dismissal both on the grounds of mootness and on the merits, notwithstanding any statute of limitations issue.

    To the extent that Petitioner seeks separate relief based upon the failure to receive a copy of the decision, Petitioner has not identified any federal constitutional violation resulting therefrom. It is well-settled that habeas relief is not available for errors of state law and that a federal habeas court "is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) ("We have stated many times that 'federal habeas corpus relief does not lie for errors of state law.' ") (quoting Lewis v. Jeffers, 497 U.S. 764, 780 (1990)); see also 28 U.S.C. § 2254(a).  In any event, the only prejudice asserted by Petitioner resulting from the alleged failure to receive the decision is that it made his Petition untimely. Because this Court does not recommend that the Petition be dismissed on that basis, Petitioner is not even arguably prejudiced by the alleged failure to receive the 440 decision.

[8] http://www.docs.state.ny.us

becomes moot if, *at any stage* of the proceedings, it fails to satisfy the case-or-controversy requirement.  Kamagate v. Ashcroft, 385 F.3d 144, 150 (2d Cir. 2004) (emphasis added), citing Spencer v. Kemna, 523 U.S. 1, 7 (1998); accord Marrero Pichardo v. Ashcroft, 374 F.3d 46, 51 (2d Cir. 2004) and Swaby v. Ashcroft, 357 F.3d 156, 159-60 (2d Cir. 2004).

In order for a habeas petitioner who is no longer in custody to demonstrate a case or controversy, a concrete and continuing injury that is a collateral consequence of the detention and can be remedied by granting the writ must exist.  So v. Reno, 251 F.Supp.2d 1112, 1120 (E.D.N.Y. 2003) (internal quotation marks omitted) (citing, Spencer, 523 U.S. at 7 and Gonzalez v. INS, 2002 WL 31444952, at *3 (S.D.N.Y. 2002)); see also, Perez v. Greiner, 296 F.3d 123, 125 (2d Cir. 2002).

The Supreme Court has stated that a challenge to the conviction itself carries the presumption that a collateral consequence exists.  Spencer v. Kemna, 523 U.S. 1, 8 (1998).  In this case, however, Petitioner challenges his sentence, not his underlying conviction. (Docket No. 4).  Accordingly, because no presumption applies, Petitioner must prove the existence of a concrete and *continuing* injury as a consequence of the alleged miscalculation of his release date. Spencer, at 7.

Therefore, this Court issued an Order on August 18, 2008, requesting Petitioner file within thirty (30) days, a Memorandum of Law demonstrating what concrete injury, if any, he continues to suffer that can be remedied by the granting of a writ, now that he has been released.  (Docket No. 18).  More than thirty days have passed, and, to date, Petitioner has failed to come forward with any concrete injury that can be remedied by the granting of a writ.  As such, Petitioner has failed to demonstrate a case or controversy.  So, 251 F.Supp.2d 1120 ((citing, Spencer, 523 U.S. at 7 and Gonzalez v. INS, 2002 WL 31444952,

at *3 (S.D.N.Y. 2002)); see also, Perez, 296 F.3d 125 (2d Cir. 2002).

Thus, as a result of his release to parole from custody, the Court finds that the Petition is moot and should be dismissed because it no longer satisfies the case or controversy requirement of Article III, § 2 of the U.S. Constitution. Kamagate v. Ashcroft, 385 F.3d 144, 150 (2d Cir.2004), (citing Spencer v. Kemna, 523 U.S. 1, 7, 118 S.Ct. 978, 140 L.Ed.2d 43 (1998); accord Marrero Pichardo v. Ashcroft, 374 F.3d 46, 51 (2d Cir.2004); Swaby v. Ashcroft, 357 F.3d 156, 159-60 (2d Cir.2004)).

Moreover, Petitioner has failed to demonstrate a continuing concrete injury that might have been remediable by writ. So v. Reno, 251 F.Supp.2d 1112, 1120 (E.D.N.Y.2003) (internal quotation marks omitted and emphasis added) ( citing, Spencer, 523 U.S. at 7, 118 S.Ct. 978, 140 L.Ed.2d 43 and Gonzalez v. INS, 2002 WL 31444952, at *3 (S.D.N.Y.2002)); see also, Perez v. Greiner, 296 F.3d 123, 125 (2d Cir.2002).

Accordingly, Petitioner's claim for habeas relief should be DISMISSED as moot.

### 2. Ineffective Assistance of Counsel

Even if Petitioner's claim was not moot, it is meritless. In order to prevail on a claim of ineffective assistance of counsel within the framework established by the Supreme Court in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), a habeas petitioner must satisfy a two-part test. First, a petitioner must demonstrate that counsel's performance was so deficient that counsel was not functioning as "counsel" within the meaning of the Sixth Amendment to the Constitution. Id. at 688, 104 S.Ct. 2052. In other words, a petitioner must show that his attorney's performance "fell below an objective standard of reasonableness." Id. Second, a petitioner must show that counsel's deficient

performance prejudiced him. Id. at 694, 104 S.Ct. 2052.

The issue of prejudice need not be addressed, however, if a petitioner is unable to demonstrate first that the performance of counsel was inadequate. "[T]here is no reason for a court deciding an ineffective assistance claim to . . . address both components of the inquiry if the defendant makes an insufficient showing on one." Id. at 697, 104 S.Ct. 2052.

In the present case, the performance of Petitioner's counsel did not fall below an objective standard of reasonableness. Petitioner contends that his counsel should have sought "specific performance" of the plea agreement. However, specific performance of the plea agreement would not have assisted Petitioner in that he was expressly unable to perform one of the required terms of that agreement, namely, the payment of the fine, notwithstanding the fact that the trial court had granted him a lengthy adjournment to do so. Given Petitioner's admitted and repeated failure to satisfy a condition precedent to the imposition of the lesser sentence, defense counsel would have had no basis to successfully argue for imposition of that sentence.

Petitioner cites Bearden v. Georgia, 461 U.S. 660, 668-670 (1983) for the proposition that the State may not impose a fine and then imprison an indigent defendant for failing to pay the fine. Construing the Petition liberally, it appears that Petitioner is suggesting that his counsel should have asserted such an argument in support of the lesser sentence.

This argument is unavailing for several reasons. First, Petitioner describes himself as the owner of a "professional paving business" and there is no indication in the record that he was truly "indigent" and/or that he was unable to raise or borrow the requisite funds during the seven month adjournment period. See United States v. Pagan, 785 F.2d 378,


381(2d Cir.1986)(stating that defendant must make some showing of "indigency"). Second, Petitioner waived any such claim by accepting the plea agreement and promising to pay the fine in the first place and then seeking and accepting adjournments while attempting to obtain the funds to pay the fine. While it is somewhat troubling that the context of the imposition of the fine in this case appears to be improperly linked to the sentence, Petitioner never claimed indigency and fines are imposed every day. The improper linking of the sentence to the payment of a fine under Bearden would only be unconstitutional if the defendant is indigent and cannot pay the fine; but a defendant has to claim indigency and to make some showing of indigency in order to avail himself of such a claim. See United States v. Pagan, 785 F.2d 378, 381(2d Cir.1986). Petitioner has not established that he was not fully informed of the terms of the plea agreement and the consequences of failure to comply with those terms or that he was unable to pay the fine as a result of indigency.

Lastly, the state court record reveals that when the Petitioner came before the judge for sentencing, he had incurred yet another driving while under the influence offense. See (S2 at 5). The record reflects that this factor also influenced the sentencing judge in determining his sentence. (Id.).

Accordingly, this Court finds that Petitioner has not established that the state court's decision in this regard was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. As such, the petition should also be DISMISSED as meritless.

## IV. CONCLUSION

For the reasons stated above, the Court recommends Sherwood Coffin's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be denied and that the Petition be dismissed. Because Petitioner has failed to make a substantial showing of a denial of a constitutional right, I recommend that a certificate of appealability not issue. See 28 U.S.C. § 2253(c)(2) (1996).

Respectfully submitted,

Victor E. Bianchini
United States Magistrate Judge

DATED: September 30, 2008

Syracuse, New York

## V. ORDERS

Pursuant to 28 USC §636(b)(1), it is hereby ordered that this Report & Recommendation be filed with the Clerk of the Court and that the Clerk shall send a copy of the Report & Recommendation to all parties.

**ANY OBJECTIONS** to this Report & Recommendation must be filed with the Clerk of this Court within ten(10) days after receipt of a copy of this Report & Recommendation in accordance with 28 U.S.C. §636(b)(1), Rules 6(a), 6(e) and 72(b) of the Federal Rules of Civil Procedure, as well as NDNY Local Rule 72.1(c).

**FAILURE TO FILE OBJECTIONS TO THIS REPORT & RECOMMENDATION WITHIN THE SPECIFIED TIME, OR TO REQUEST AN EXTENSION OF TIME TO FILE OBJECTIONS, WAIVES THE RIGHT TO APPEAL ANY SUBSEQUENT ORDER BY THE DISTRICT COURT ADOPTING THE RECOMMENDATIONS CONTAINED HEREIN**. Thomas v. Arn, 474 U.S. 140 (1985); F.D.I.C. v. Hillcrest Associates, 66 F.3d 566 (2d. Cir. 1995); Wesolak v. Canadair Ltd., 838 F.2d 55 (2d Cir. 1988); see also 28 U.S.C. §636(b)(1), Rules 6(a), 6(e) and 72(b) of the Federal Rules of Civil Procedure, and NDNY Local Rule 72.1(c).

Please also note that the District Court, on de novo review, will ordinarily refuse to consider arguments, case law and/or evidentiary material which could have been, but was not, presented to the Magistrate Judge in the first instance. See Patterson-Leitch Co. Inc. v. Massachusetts Municipal Wholesale Electric Co., 840 F.2d 985 (1st Cir. 1988).

SO ORDERED.

September 30, 2008

Victor E. Bianchini
United States Magistrate Judge